RECEIVED
IN ALEXANDRIA
MAY 11 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KERAN L. JONES | CIVIL ACTION NO. 1:10-cv-0088 |
| LA. DOC #364286 AVDC #1588 | SECTION P |
| VS. | JUDGE DRELL |
| GLENN BOOTY, WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Keran L. Jones filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on January 21, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Avoyelles Parish Detention Center. Petitioner attacks his 1996 manslaughter conviction and the forty year sentence imposed by the Twelfth Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d) and for failing to exhaust available State court remedies.

*Statement of the Case*

Petitioner pled guilty to manslaughter in the Twelfth Judicial District Court on February 13, 1996; on the same date he was sentenced to serve 40 years at hard labor. [Doc. #1, ¶¶ 1-6] He did not appeal. [Id., ¶ 8]

On some unspecified date he filed an application for post-conviction relief in the District Court claiming (1) involuntary guilty plea; (2) ineffective assistance of counsel; and (3) excessiveness of sentence. The application was denied on October 31, 2001. [Id., ¶11] He sought review in the Third Circuit Court of Appeals, but that Court denied writs on some unspecified date. [Id., ¶12(d)] Petitioner did not seek further review in the Louisiana Supreme Court. [Id., ¶11(d)(1)]

He filed the instant petition on January 21, 2010 raising the same claims raised in his ill fated application for post-conviction relief.

### Law and Analysis

**1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>Lindh v. Murphy</u>, 521 U.S. 320,

2

336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326

---

[1] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B),(C), or (D) of §2244(d)(1). Clearly, he has pointed to no state created impediments, newly discovered evidence, or recent Supreme Court jurisprudence which would warrant such a reckoning.

(5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Jones, whose convictions were final prior to the effective date of AEDPA. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of habeas corpus in federal court. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998); Villegas v. Johnson, 184 F.3d at 469 (5th Cir. 1999); Flores, supra.

If the federal petition is not filed within the one-year grace period, the petitioner may nevertheless avail himself of the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Coleman, supra; Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As shown above, petitioner did not appeal his conviction and sentence. Therefore, petitioner's judgment of conviction and sentence became final 5 business days after February 13, 1996 when the delays for appeal provided by La. C.Cr.P. art. 914 lapsed,[2] or, on or about February 20, 1996. Since his conviction became final prior to the April 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period.

It does not appear that petitioner had any post-conviction proceedings pending during the grace period. While not specifically alleged, it appears that petitioner waited until, at the earliest, sometime in the year 2001 to commence his first and only round of post-conviction litigation,[3] but by that time,

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. Under Louisiana law, legal holidays are not included in computing a limitations period less than 7 days. See La. C.Cr.P. art. 13.

[3] Petitioner has not alleged the date he filed his post-conviction application in the State district court. It is highly improbable that he filed it during the "grace period" in 1996 and it somehow remained pending until its dismissal in 2001.

Further, petitioner has not alleged the date the Third Circuit Court of Appeals denied writs and terminated his state post-conviction. However, it is equally improbable that this proceeding remained pending from 2001 to 2010.

**In the event that petitioner objects to this Report and Recommendation, he should provide the date he filed his**

the AEDPA limitations period had already long expired and could not be revived by this filing since any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

In other words, if the AEDPA limitations period is reckoned from finality of judgment as defined by 28 U.S.C. §2244(d)(1)(A) and the "grace period,' as defined by the jurisprudence, petitioner's federal *habeas* petition is time-barred and dismissal on that basis is recommended.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v.

---

Application for Post-Conviction Relief in the District Court, and, the date the Third Circuit Court of Appeals denied his writ application.

Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Finally, he cannot contend that he has been diligent in the pursuit of his rights.[4]

---

[4] In the event that petitioner objects to this Report and Recommendation, he should provide facts and argument in support of any claim he may have for equitable tolling.

## 3. Exhaustion of State Court Remedies

Even if the petition were not subject to dismissal as time-barred, it would be subject to dismissal on other grounds. Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " Moore v. Quarterman, 491 F.3d 213, 220 (5th Cir.2007)(quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. Vasquez v. Hillery, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598

(1986); Morris v. Dretke, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

Petitioner admits, and the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner has not exhausted available State court remedies. Petitioner has not litigated his *habeas corpus* claims in Louisiana's Supreme Court and his failure to exhaust those state court remedies also mandates dismissal of his petition.

### Conclusion and Recommendation

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d), and, because petitioner has failed to exhaust available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _11th_ day of _May_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE